German Emilio **GUITRON MORALES**, Petitioner,

v.

Alberto R. **GONZALES**,* Attorney General, Respondent.

No. 04–73613.

Agency No. A73–895–060.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 24, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

German Emilio Guitron Morales, Panorama City, CA, Pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA; and OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM[***]

German Emilio Guitron Morales, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's denial of asylum because Guitron Morales did not demonstrate that his experiences, when soldiers and guerillas stopped his bus on two occasions to question passengers, amounted to past persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995).

Substantial evidence also supports the IJ's conclusion that Guitron Morales did not demonstrate a well-founded fear of future persecution should he return to Guatemala. He did not point to credible, direct, and specific evidence in the record that would support an objectively reasonable fear of persecution upon return to Guatemala. *See Singh v. INS*, 134 F.3d 962, 969–972 (9th Cir.1998).

Because Guitron Morales did not qualify for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez–San-*

---

*tos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

The contention that the BIA's summary affirmance is a violation of due process is foreclosed. *See Falcon Carriche*, 350 F.3d at 849–52.

The voluntary departure period is stayed pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.